ROBINSON & COLE LLP
E. Evans Wohlforth, Jr.
Katherine M. Katchen
One Liberty Place
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Tel: (215) 398-0557
Fax: (215) 827-5982
Email: ewohlforth@rc.com
Email: kkatchen@rc.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------- x

ATLANTIC SHORE SURGICAL ASSOCIATES, P.C.,  :

                                                      :    Case No.

                     Plaintiff,           :

                                           :

          -against-              :    **NOTICE OF REMOVAL**

                                         :

CIGNA HEALTH AND LIFE INSURANCE    :
COMPANY, CONNECTICUT GENERAL LIFE  :
INSURANCE COMPANY and CIGNA        :
HEALTHCARE OF NEW JERSEY, INC.,     :

                                         :

                Defendants.       :

------------------------------------------------------------------- x

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company and Cigna Healthcare of New Jersey, Inc. (collectively "Cigna Defendants"), hereby remove to this Court the State Court Action set forth below. In accordance with the requirements of 28 U.S.C. § 1446, the Cigna Defendants make the following short and plain statement of the basis for removal, while fully reserving their rights to assert all available defenses.

## I.    INTRODUCTION

1.      On April 12, 2023, Plaintiff Atlantic Shore Surgical Associates, P.C. ("Plaintiff" or "Atlantic Shore") filed its Complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-000851-23 ("State Court Action"). According to Plaintiff's Affidavits of Service, Cigna Healthcare of New Jersey, Inc. was served with the Summons and Complaint on May 19, 2023. Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company were served with the Summons and Complaint on May 20, 2023.

2.      As required under 28 U.S.C. § 1446(a), true and correct copy of the Complaint in the State Court Action, is attached as **Exhibit A.**  The complete State Court Action docket, including returns of service, is attached as **Exhibit B**.

3.      The State Court Action alleges that Atlantic Shore is a professional corporation headquartered in Ocean County, with its principal place of business located at 478 Brick Boulevard, Brick, New Jersey.  (Ex. A., Compl. ¶¶ 1, 12, 13).

4.      Cigna Health and Life Insurance Company ("CHLIC") is a Connecticut corporation, with its principal place of business in Bloomfield, Connecticut.  The Complaint alleges that CHLIC is in the business of "underwriting, selling, and administering health benefit plans and policies of health insurance….and [providing] benefits under a variety of health benefit plans, including … group plans."  (*Id.* ¶ 2).

5.      Connecticut General Life Insurance Company ("Connecticut General") is a Connecticut corporation, with its principal place of business in Bloomfield, Connecticut. Connecticut General is alleged to be in the business of "underwriting, selling, and administering health benefit plans and policies of health insurance…[and providing] benefits under a variety of health benefit plans, including … group plans."  (*Id.* ¶¶ 5-6).

6.      Cigna Healthcare of New Jersey, Inc. ("CHNJ") is a New Jersey Corporation with an alleged principal place of business in Jersey City, New Jersey.  CHNJ is alleged to be a New Jersey-licensed health maintenance organization in the business of "underwriting, selling, and administering health benefit plans and policies of health insurance, including … group plans." (*Id.* ¶ 8).

7.      Atlantic Shore was an "out-of-network provider" with respect to Cigna, meaning that it did not have a contract with Cigna "to accept discounted rated and instead set their own fees for services based on a percentage of charges." (*Id*. ¶ 19).

8.      Atlantic Shore further alleges that its "surgeons serve as the on-call surgeons at various hospitals in central New Jersey," and that those surgeons are "often called upon to provide emergency general and bariatric surgery to patients who present to these hospitals' emergency departments and whose medical conditions require emergency services." (*Id.* ¶¶ 14-15).

9.      In addition to emergency services, Atlantic Shore alleges that Cigna Subscribers also "routinely seek and obtain out-of-network non-emergency surgeries from Atlantic Shore." (*Id*. ¶ 43).

10.     The Complaint alleges that for these "non-emergency surgeries and, in some instances, for emergency services, Atlantic Shore seeks and obtains 'preauthorization' for the procedures from Cigna." (*Id*. ¶ 44).  According to Atlantic Shore, "[i]n reliance on Cigna's representations to Atlantic Shore, either in preauthorizing the specific services to be provided to a Cigna Subscriber, or in advising Atlantic Shore that no preauthorization is needed, Atlantic Shore proceeds with the procedure." (*Id*. ¶ 47).

11.     The Complaint alleges that Atlantic Shore seeks relief related to "69 separate medical procedures provided to a total of 62 separate Cigna Subscribers," for which it alleges that

the Cigna Defendants allegedly underpaid Plaintiff more than $2 million.  (*Id.* ¶¶ 48, 51-53, Exhibit A).

12.     Specifically, Atlantic Shore alleges that of the 69 separate medical procedures at issue in the Complaint, 63 were for emergency services (28 of which were allegedly preauthorized by Cigna).  Further, Atlantic Shore alleges that the remaining 6 procedures at issues were for "pre-scheduled non-emergency service," for which Cigna preauthorized three of the procedures or allegedly "explicitly informed Atlantic Shore that no preauthorization was required for the remaining three."  (*Id.* ¶ 52-53).

13.     Exhibit A to the Complaint is deidentified for privacy reasons and does not list the Subscriber's name, date of birth or member identification.  On May 12, 2023, the undersigned counsel for Cigna requested a complete copy of Exhibit A. On May 17, 2023, counsel for Atlantic Shore advised that it would produce a complete copy of Exhibit A upon entry of a Qualified Protective Order.  Accordingly, Cigna has not received a complete, unredacted copy of Exhibit A to the Complaint prior to filing this Notice of Removal.

14.     Because Cigna does not have a complete, unredacted list of claims, Cigna has been hindered in its ability to identify all of the claims listed in Exhibit A to the Complaint.  However, even with the limited information provided by Atlantic Shore, Cigna has determined that certain of the claims on Exhibit A, that are at issue in the Complaint, were administered by Cigna under employer-sponsored plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA Plan") (*See* Declaration of Pamela D. Ley, submitted as **Exhibit C**).

15.     The Complaint alleges seven counts under New Jersey law: (1) breach of implied-in-fact contract; (2) breach of the covenant of good faith and fair dealing; (3) q*uantum meruit*; (4)

4

promissory estoppel; (5) negligent misrepresentation; (6) violation of New Jersey's HCPPA (Health Claims Authorization, Processing and Payment Act); and (7) violation of New Jersey regulations governing payment for emergency services rendered by an out-of-network provider.

## II.    BASIS FOR FEDERAL COURT JURISDICTION:  FEDERAL QUESTION

16.    The State Court Action, brought by a provider that has no written contract with the Cigna Defendants and instead claims to set its "own fees for services" provided to Cigna Subscribers under Cigna-administered group health plans, seeks payment of more than two million of dollars for benefits claims under "health insurance plans insured or administered by [the Cigna] Defendants."  (*See generally*, Ex. A, Compl. ¶¶ 3, 6, 9, 52-53).

17.    The core of the State Court Action brought by Atlantic Shore seeks payment for medical services provided to "Cigna Subscribers" covered under Cigna-administered "health insurance plans, as to which Atlantic Shore had no contract with Cigna setting agreed rates for such services.  (*Id.* ¶19).  Moreover, Atlantic Shore submitted claims to Cigna for its "charges" representing the amounts Atlantic Shore "reasonably expected" to be paid by Cigna, (*id.* ¶¶ 61, 67, 76), and those billed charges are alleged to "represent the 'usual, customary, and reasonable' ('UCR') charges for the services at issue". (*Id.* ¶ 49). However, as set forth herein, Cigna administered such benefits claims in such a way that it did not reimburse Atlantic Shore at its full billed charges, but rather as determined by Cigna to be consistent with the terms of the individual benefits plans for each Subscriber.  (*See* Ley Decl, ¶¶ 6-17, attached hereto as **Exhibit C**).

18.    With respect to the benefits claims listed on Exhibit A attached to the Complaint, Atlantic Shore alleges that, as a matter of law, the benefits claims on Exhibit A "are not colorable claims for benefits under ERISA plans." Instead, Atlantic Shore argues that it is entitled to payment for these allegedly underpaid, partially denied or fully denied ERISA Plan benefit claims because

"legal duties wholly independent of ERISA" support Atlantic Shore's right to relief.  (Compl. ¶ 11).

19.    However, to the extent it was able to do so without access to complete, unredacted claims information, Cigna has reviewed benefits claims submitted by Atlantic Shore for certain of the claims identified on Exhibit A to the Complaint and, for the reasons detailed below, Cigna has determined "NOT" Atlantic Shore has determined that one or more of the claims at issue are colorable claims for benefits under ERISA plans.

20.    Upon information and belief, one or more of the benefits claims for emergency or non-emergency services for which Atlantic Shore seeks payment involve the Cigna Defendants' administration of employer-sponsored plans governed exclusively under ERISA.  (**Exhibit C ¶¶** 6-7).  The Cigna Subscribers received such services as benefits provided under their ERISA Plans.

21.    Cigna also determined that one or more of the ERISA Plans at issue in Atlantic Shore Complaint (as alleged in Exhibit A to the Complaint) expressly permits assignments of benefits to providers such as Atlantic Shore.  (**Exhibit C ¶** 8 and Exhibit 1 thereto, p. 40).

22.    In one or more of the claims submissions that Atlantic Shore submitted to Cigna, Atlantic Shore represented to Cigna that it was submitting those claims pursuant to assignments of benefits executed by the Cigna Subscriber to whom the services were rendered.  (**Exhibit C ¶¶** 12-14 and Exhibit 2 thereto).

A.    **Section 502(a) of ERISA Authorizes Removal**

23.    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6

24.    This Court has original subject matter jurisdiction over this case because, regardless of whether the Complaint alleges any cause of action under federal law, the State Court Action requires the resolution, construction or application of one or more substantial questions of federal law in dispute between Atlantic Shore and Cigna.  *See* 28 U.S.C. § 1441(a) ("The district courts shall have original jurisdiction of all civil actions arising under laws or treaties of the United States.").

25.    The Complaint attempts to avoid original federal question subject matter jurisdiction by asserting a legal conclusion that "the doctrine of complete preemption under the Employee Retirement Income Security Act ('ERISA')" does not apply because the benefits claims for which Atlantic Shore seeks payment are "not colorable claims for benefits under ERISA Plans."  (Ex. A, Compl. ¶ 11).

26.    Atlantic Shore's choice to avoid styling its claims for relief as arising under ERISA does not defeat this Court's jurisdiction over this case.  *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266. 274 (3d Cir. 2001)) (a "court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law.").  Nor does Atlantic Shore's choice to forgo asserting entitlement to payment of ERISA Plan benefits "based on an assignment of benefits" prevent this Court from exercising original jurisdiction.

27.    For purposes of establishing original jurisdiction of this Court, the operative question is not whether Atlantic Shore has chosen to rely on assignments of benefits it obtained from Cigna members, but rather whether Atlantic Shore could obtain the relief it seeks by way of assignments from patients whose medical benefits are furnished under ERISA plans. *North Jersey*

*Brain & Spine Center v. Aetna*, 801 F.3d 369, 372 (3d Cir. 2015) (healthcare provider can have derivative standing by virtue of an assignment by a beneficiary or plan participant).

28.    Removal of this case from state court based on federal question jurisdiction is proper because ERISA completely preempts the State Court Action.    ERISA includes a comprehensive civil enforcement mechanism that completely preempts any state common law or statutory cause of action falling within the scope of Section 502(a) of ERISA, 29 U.S.C. §1132(a) *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012).

29.    As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA provide the "exclusive remedies available for the allegedly incorrect denial, non-payment or underpayment of benefits that are offered under ERISA-governed health benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)).    The "extraordinary preemptive power" of ERISA §502(a) is so encompassing that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Met Life v. Taylor*, 481 U.S. 58, 65-66 (1987)).    Accordingly, any state law cause of action such as those pleaded in the Complaint, that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*.    Specifically, the reasons that follow demonstrate that the Complaint in the State Court Action is completely preempted by ERISA.

30.    *First*, to the extent that each of Atlantic Shore's state law claims is premised on duties or obligations allegedly imposed under New Jersey statutory and common law, such state

law-based claims for relief are preempted because they duplicate, supplement or seek to supplant ERISA's civil enforcement scheme under Section 502(a). *MedWell, LLC v. Cigna Corp.*, No. CV2010627KMESK, 2020 WL 7090745, at *3 (D.N.J. Dec. 4, 2020) (complete preemption analysis includes determination of "'whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B).'"); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011).

31.     *Second*, all of Atlantic Shore's state law causes of action are preempted because they seek to impose liability that concerns the core activity involved in administration of and coverage for benefits under ERISA plans, benefits that are allegedly due under ERISA Plans, or clarification of rights available under ERISA Plans. Accordingly, Atlantic Shore could have brought such claims against Cigna based on the ERISA Plans and the civil enforcement remedies available under ERISA Section 502(a)(1)(B). *See Roma Concrete Corp. v. Pension Assocs.*, 384 F. Supp. 3d 507, 514 (E.D. Pa. 2019) (quoting *N.J. Carpenters & Trustees v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014)) (claims completely preempted by ERISA if they could have been brought under Section 502(a) of ERISA and no other independent duty supports the plaintiff's claim). (*See generally* Ex. A, Compl., p. 25, Prayer for Relief) (seeking, *inter alia,* payment "the reasonable value of services rendered by Plaintiff to the Cigna Subscribers.")

32.     *Third*, with respect to the benefits claims at issue, Atlantic Shore claims entitlement to payment for "the fair value of the surgeries and other services provided to the Cigna Subscribers," which Atlantic Shore asserts to be the "'usual, customary and reasonable' ("UCR") charges for the services at issue – that is, amounts that providers in the same geographic area with similar training and experience (here, central New Jersey surgical practice) normally charge for comparable services," without regard to the provisions of ERISA Plans governing out-of-network

reimbursement for such benefits claims. (*Id.* ¶ 49). The Complaint is preempted because it seeks alternative enforcement mechanisms under state law to supplant rights afforded under ERISA § 502(a)(1)(B) concerning how ERISA Plans cover and pay for emergency medical services. *See N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.*, No. CIV.A. 10-4260 SDW, 2011 WL 4737067, at *7 (D.N.J. June 30, 2011), *report and recommendation adopted*, No. 10-CV-4260 SDW, 2011 WL 4737063 (D.N.J. Oct. 6, 2011) (finding preemption where "claims are inextricably intertwined with the interpretation and application of ERISA plan coverage and benefits); *Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. CIV A 06-928, 2007 WL 2416428, at *5 (D.N.J. Aug. 20, 2007) (finding preemption where plaintiff's "claims are inextricably intertwined with the terms of the ERISA welfare benefit plans") (quotation omitted); *Montefiore*, 642 F.3d at 332 (finding preemption where claims were "inextricably intertwined with the interpretation of Plan coverage and benefits").

33.     For the reasons stated in this Notice, ERISA § 502(a) preempts Atlantic Shore's state law causes of action for breach of implied-in-fact contract, breach of the covenant of good faith and fair dealing, *quantum meruit*, promissory estoppel, negligent misrepresentation, violation of New Jersey's HCPPA (Health Claims Authorization, Processing and Payment Act), and violation of New Jersey regulations governing payment for emergency services rendered by an out-of-network provider). *See Davila*, 542 U.S. at 213 (finding complete preemption of state law claims where liability for damages "would exist here only because of petitioner's administration of ERISA-regulated benefit plans."). As such, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and ERISA § 502(a).

## SUPPLEMENTAL JURISDICTION

34.     To the extent that the Complaint also raises legal claims arising from services Atlantic Shore allegedly provided to individuals whose health benefit plans are not subject to ERISA, or for which Atlantic Shore does not raise a colorable ERISA claim, this court has supplemental jurisdiction over any otherwise non-removable claims for relief or causes of action and may determine all issues arising therefrom pursuant to 28 U.S.C. §1367, as well as pursuant to the doctrine of pendent and/or ancillary jurisdiction. *Feldman v. Nat'l Benefits Network, Inc.*, No. 2:21-CV-00419-CCW, 2022 WL 125371, at *3 (W.D. Pa. Jan. 13, 2022) ("the Court need only find that one claim is completely preempted under ERISA's § 502(a) to exercise supplemental jurisdiction over the others").

## VENUE

35.     The Superior Court of New Jersey, Law Division, Ocean County is located within the District of New Jersey.  Accordingly, removal to this Court complies with the venue requirements of 29 U.S.C. §1446(a).

## TIMELY NOTICE OF REMOVAL

36.     This Notice of Removal is timely filed in accordance with 28 U.S.C §1446(b)(1) because the earliest date on which CHNJ was served is May 19, 2023, and CHLIC, Connecticut General were served with process on May 20, 2023.

## CONSENT OF OTHER DEFENDANTS NOT APPLICABLE

37.     The consent requirement of 28 U.S.C §1446(b)(2)(A) is not applicable to removal of this action because Cigna entities are the only defendants.

## NOTICE OF FILING REMOVAL NOTICE

38. The written notice required pursuant to 28 U.S.C. §1446(d) will be timely filed in the Superior Court of New Jersey, Law Division, Ocean County and served upon Plaintiff.

## RESERVATION OF RIGHTS

39. Cigna does not waive – and hereby expressly reserves – its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, Cigna does not admit any allegations in Plaintiff's Complaint.

40. If Plaintiff raises any challenge to the property of removal of the State Court Action, Cigna will seek to take necessary discovery to resolve Plaintiff's contentions concerning jurisdiction, in addition to presenting briefing and oral argument in support of removal.

## PRAYER

WHEREFORE, Cigna respectfully requests that the State Court Action be removed to the United States District Court for the District of New Jersey pursuant to 28. U.S.C. §§1331, 1441, and 1446.

As required by 28 U.S.C. §1446(a), the undersigned represents that they are signing this Notice of Removal pursuant to Fed. R. Civ. P. 11.

Dated:  May 18, 2023

ROBINSON & COLE LLP

By: */s/ E. Evans Wohlforth*
    E. Evans Wohlforth
    Katherine M. Katchen
    One Liberty Place
    1650 Market Street, Suite 3030
    Philadelphia, PA 19103
    kkatchen@rc.com
    *Attorneys for Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, and Cigna Healthcare of New Jersey, Inc.*

12