<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATLANTIC SHORE SURGICAL ASSOCIATES, P.C.**, <br><br> Plaintiff, <br><br> v. <br><br> **CIGNA HEALTH AND LIFE INSURANCE COMPANY,** *et al.*, <br><br> Defendants. | Civil Action No. 23-2699 (ZNQ) (TJB) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Atlantic Shore Surgical Associates, P.C.'s ("Plaintiff" or "Atlantic Shore") Motion to Remand to the Superior Court of New Jersey, Ocean County, and its request for attorneys' fees, pursuant to 28 U.S.C. § 1447(c). ("Motion", ECF No. 9.)  Defendants Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, and Cigna Healthcare of New Jersey, Inc. (collectively, "Cigna Defendants") oppose Plaintiff's Motion on the ground that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").  ("Opp'n Br.", ECF No. 21.)  Plaintiff filed a Reply.  ("Reply Br.", ECF No. 22.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion and **DENY** its request for attorneys' fees.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Atlantic Shore is a medical practice in Ocean County, New Jersey, that specializes in surgical treatment. (Compl. ¶13.) Those surgeons employed by Plaintiff often serve as "on-call surgeons" in the emergency departments of various hospitals across the state. (*Id*. at ¶¶14–15.) Cigna Defendants are health insurance organizations which administer health insurance policies to the public. (*Id.* ¶¶1–9.) Plaintiff is an "out-of-network provider" with respect to Cigna which means that it does not have a contract with Cigna to accept discounted rates for the health care services it provides to Cigna subscribers.[1] (*Id.* ¶¶18–19.) Instead, Atlantic Shore sets its own fees for services based on a percentage of charges. (*Id.*)

This action arises out of a dispute following the provision of emergency care rendered by Atlantic Shore surgeons to Cigna subscribers and the subsequent alleged failure by Cigna Defendants to pay a "reasonable rate" for the services provided. Cigna Defendants argue, however, that one or more of the claims for services involve patients whose medical benefits are furnished exclusively under ERISA. (Notice of Removal, ECF No. 1 ¶20, "NOR".) This Opinion is therefore limited to whether complete preemption under ERISA applies.

Plaintiff seeks relief related to 69 medical procedures provided to a total of 62 Cigna subscribers.[2] (Compl. ¶48.) Of the 69 treatments at issue, 63 were for emergency surgeries which cost $2,035,291.41. (*Id.* ¶52). The remaining six were for pre-scheduled non-emergency surgeries

---

[1] Atlantic Shore surgeons performed both emergency and non-emergency surgical treatment for Cigna subscribers. (*Id.* ¶¶ 20, 43.) Plaintiff further explains that for elective surgeries, and in some instances, for emergency surgeries, it "seeks and obtains 'preauthorization' for the procedures from Cigna" which is the "approval that a health care provider obtains from Cigna to provide a designated service before the service is rendered." (*Id.* ¶ 44.)

[2] Attached to their Complaint as Exhibit A, Plaintiff identifies, for each claim: the dates of services; whether the services provided were emergent or non-emergent; Plaintiff's total charges for the services; the total amounts paid by Cigna Defendants; amounts determined by Cigna Defendants to be the amounts for which the patients are responsible under the terms of their health insurance plans; such as co-payments, co-insurance, and deductibles ("Patient Responsibility"); the totally balance due, after factoring in insurance payments and Patient Responsibility; the bases upon which Plaintiff is entitled to additional payment from Cigna Defendants; and where preauthorization was obtained, the preauthorization number assigned to the claim by Cigna Defendants. (*Id.* ¶ 48.)

which were part of a continuation of care from the patients' prior emergency surgeries and cost $422, 235.48. (*Id.* ¶53). Plaintiff's total charges for the 69 surgeries were $2,457,526.89. (*Id.* ¶49.) According to Plaintiff, these charges represent the "fair value of the services" it provided to Cigna subscribers and "represent the usual, customary, and reasonable charges for the services at issue—that is, amounts providers in the same geographic area normally charge for comparable services." (*Id.*) Plaintiff alleges that, to date, Cigna Defendants have reimbursed Plaintiff only $156,295.86. (*Id*. ¶51.)

As a result, Plaintiff filed its Complaint in the Superior Court of New Jersey, Ocean County, on April 12, 2023, and alleged the following claims against Cigna Defendants: (1) breach of implied-in-fact contract, (*id.* ¶¶54–63) (2) breach of the implied covenant of good faith and fair dealing, (*id.* ¶¶64–68) (3) quantum meruit, (*id.* ¶¶69–81) (4) promissory estoppel, (*id.* ¶¶62–90) (5) negligent misrepresentation, (*id.* ¶¶91–96) (6) violation of New Jersey's Health Claims Authorization, Processing and Payment Act, ("HCAPPA"), (*id.* ¶¶97–104) and (7) violation of New Jersey regulations which govern payment of emergency services by out-of-network providers, N.J.A.C. 11:22-5.8, 11:24-5.3, 11:24-5.1, and 11:24-9.1(d), (*id.* ¶¶105–114).

On May 18, 2023, Cigna Defendants removed the Complaint to this Court and invoked federal question jurisdiction under § 502(a) of ERISA. (NOR ¶30). In their Notice of Removal, Cigna Defendants argue that Plaintiff's cause of action is preempted because (1) the state law claims premised on New Jersey statutory and common law "duplicate, supplement, or supplant" ERISA's civil enforcement scheme under § 502(a), (*id.* ¶30), (2) Plaintiff could have brought its claims based on the civil enforcement remedies available under § 502(a)(1)(B), (*id.* ¶31), and (3) Plaintiff's claim to entitlement of "the fair value of the surgeries and other services provided"

3

disregards the provisions of the ERISA plans governing out-of-network reimbursement for such benefits claims, (*id.* ¶32).

Cigna Defendants attached to their Notice of Removal a declaration from Pamela D. Ley, a legal intake and research supervisor for Cigna, ("Ley Decl.", ECF No. 1-3) in support of its position that Cigna Defendants processed Plaintiff's claims "in such a way that it did not reimburse [Plaintiff] at its full billed charges, but rather as determined by Cigna to be consistent with the terms of the individual plans for each subscriber," (NOR ¶17). In her declaration, Ley identified one subscriber (Patient 28), out of the 62 subscribers at issue, that was covered under an ERISA health group plan. (Ley Decl. ¶5.) Upon Plaintiff's Motion, the parties agreed to conduct, and the Court ordered, limited jurisdictional discovery. (ECF No. 12.) During that discovery, three additional patients (8, 19, and 24) were identified as participants of an ERISA plan who, importantly, assigned all their respective rights under ERISA, to Plaintiff. Cigna Defendants attached those patients' assignment forms (ECF No. 21-2-4) and ERISA plans (ECF No. 21-7-9) as well as an updated declaration by Ley, to its opposition brief, (ECF No. 21-6).

On May 6, 2024, Plaintiff filed the instant Motion. Plaintiff argues that remand is appropriate because its claims do not arise under ERISA, or any other federal statute and the Court therefore lacks subject matter jurisdiction. (Moving Br. at 9.)

## II. LEGAL STANDARD

### A. MOTION TO REMAND

The federal removal statute permits a defendant to remove a civil action from state court to federal court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Section 1447(c) states, however, that a case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter

4

jurisdiction." 28 U.S.C. § 1447(c); *Costa v. Verizon N.J., Inc.*, 938 F. Supp. 2d 455, 458 (D.N.J. 2013).

28 U.S.C. § 1331 provides that the district court has original subject matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." *See Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). "Most directly, a case *arises under* federal law when federal law creates the cause of action asserted." *Id.* (emphasis added) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). Where a cause of action is based on *state* law, jurisdiction will depend on whether a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (emphasis added) (quoting *Gunn*, 568 U.S. at 258). In either case, the grounds for jurisdiction must be clear on the face of the operative complaint pursuant to the "well-pleaded complaint rule." *Id.*

### B.   ERISA PREEMPTION

Complete preemption is a "narrow exception" to the well-pleaded complaint rule, and "operates to confer original subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014) ("*Tishman Constr.*") (quoting *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)). Relevant here, the Supreme Court has recognized the complete preemption doctrine in claims pursuant to § 502(a) of ERISA. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987). "ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded

5

complaint rule,' and permits removal." *Tishman Constr.*, 760 F.3d at 303 (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004)).

A claim is preempted, and thus removable, under ERISA § 502(a) only if: first, "the plaintiff could have brought the claim under § 502(a)"; *and* second, "no other independent legal duty supports the plaintiff's claim." *Id*. (quoting *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). As the test is conjunctive, to establish complete preemption the defendant must establish both prongs. *Tishman Constr.*, 760 F.3d at 303.

### III. DISCUSSION

Cigna Defendants removed this case based on the doctrine of complete preemption pursuant to § 502(a) of ERISA. The Court will therefore conduct a *Pascack Valley* preemption analysis. *See Pascack Valley*, 388 F.3d at 400.

#### A. PREEMPTION ANALYSIS UNDER *PASCACK VALLEY*

The Court first addresses the second prong of the *Pascack Valley* test. As the Third Circuit has elaborated since its *Pascack Valley* decision, its second prong considers a legal duty "independent if it is not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed." *Tishman Constr.*, 760 F.3d at 303 (interior quotation marks omitted) (citation omitted). "In other words, if the state law claim is not derived from, or conditioned upon the terms of an ERISA plan, and [n]obody needs to interpret the plan to determine whether that duty exists, then the duty is independent." *Id*. (interior quotation marks omitted) (alteration in original) (citation omitted).

In their Notice of Removal, Cigna Defendants contend that the Complaint asserts claims that "duplicate, supplement or seek to supplant ERISA's civil enforcement scheme under Section

6

502(a)" or otherwise "seek to impose liability for core activity under ERISA Plans" or "seek[] alternative enforcement mechanisms under state law to supplant rights afforded under ERISA § 502(a)(1)(B). (NOR ¶¶30–32). In their briefing, Cigna Defendants criticize the Complaint as mere artful pleading composed of thin allegations. They insist that they have no duty independent of ERISA to pay Plaintiff for its emergency or non-emergency services. (Opp. Br. at 22–26.)

Plaintiff defends the bases for each of its claims, insisting that various non-ERISA legal duties bind Cigna Defendants and obligate them to pay for the services that Plaintiff provided. (Moving Br. at 18–19; Reply at 9–14.)

The Court has carefully reviewed the Complaint. In briefest terms, Counts One (implied contract) and Three (quantum meruit) are based on Cigna Defendants' contractual and quasi contractual obligations rooted in Plaintiff's expectation—and Cigna Defendants' understanding—that if Plaintiff rendered emergency services to Cigna subscribers or if Plaintiff sought and obtained pre-authorizations from Cigna, then Cigna Defendants would pay the reasonable value of those services. (Compl. ¶¶54–63, 69–81). Counts Two (good faith and fair dealing), Four (promissory estoppel), and Five (negligent misrepresentation) are based on Cigna Defendants' representations that the services Plaintiff provided were either preauthorized or did not require pre-authorization. (*Id*. ¶¶64–68, 82–96.) Finally, Counts Six (HCAPPA) and Seven (New Jersey regulations) are based on Cigna Defendants' violation of a state statute and state regulations. (*Id*. ¶¶97–114). Each of these claims is therefore premised on a legal duty independent of ERISA.

On the whole, the Court finds that Cigna Defendants' opposition as to the second prong of *Pascack Valley* is little more than a merits challenge to the claims in disguise: advancing a theory that Plaintiff's claims are so devoid of basis in law that the Court should assume instead that ERISA underlies them all. The Court rejects this theory because the two analyses are of course

7

distinct. *See Pascack Valley*, 388 F.3d at 404 ("It may very well be that the Hospital's breach of contract claim against the Plan will fail under state law, or that the Hospital's state law claims are pre-empted under § 514(a). These matters, however, go to the merits of the Hospital's breach of contract claim, which can only be adjudicated in state court."); *New Jersey Brain & Spine Ctr. v. MultiPlan, Inc.*, Civ. No. 17-5967, 2018 WL 6592956, at *7 (D.N.J. Dec. 14, 2018) (rejecting similar arguments from the defendants—Cigna among them—and concluding that "[w]hether under New Jersey law there is any merit to Plaintiff's claims is a question for New Jersey's courts.").

In sum, the Court finds that the second prong of the *Pascack Valley* test is not satisfied. The Court therefore does not consider its first prong. *See Tishman Const.*, 760 F.3d at 304 n.3 ("Because we conclude that the defendant cannot meet the second prong of the test, we need not decide whether it could have met the first prong.")  The result is that Plaintiff's claims are not completely preempted by § 502(a), and that section cannot provide federal court jurisdiction. Accordingly, the Court will **GRANT** Plaintiff's Motion to Remand.

B.  ATTORNEYS' FEES

Finally, Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447. (Moving Br. at 20.)  The Court is mindful that the Motion and the parties' briefing address a complicated area of law. And on the whole, the Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court, however, does take this opportunity to caution insurers and (Cigna Defendants especially) against raising arguments directed to the second prong of *Pascack Valley.*

As Plaintiff notes, there is a growing body of decisions in this District rejecting insurers' efforts to invoke complete preemption as a basis for removing suits filed by health care providers

that are based on legal duties independent of an ERISA plan rather than an assignment of subscriber's rights. (Moving Br. at 21–22) (citing cases). More importantly, although the Third Circuit has not directly addressed this issue, it has already twice articulated its doubts. *See Pascack Valley*, 388 F.3d at 404 ("It may very well be that the Hospital's breach of contract claim against the Plan will fail under state law, or that the Hospital's state law claims are pre-empted under § 514(a). These matters, however, go to the merits of the Hospital's breach of contract claim, which can only be adjudicated in state court."); and *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 229 (3d Cir. 2020) (in the context of an ERISA § 514 challenge, observing that "[t]o put a fine point on it, those claims [for breach of contract, unjust enrichment, and promissory estoppel] could not be brought under section 502(a), even by [the subscribers], because Aetna's alleged liability would flow not from the plans, but from an independent agreement reached between the Center and Aetna to which neither [subscriber] was a party.").

## IV.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion and **DENY** its request for attorneys' fees. An appropriate Order will follow.

Date: December 27, 2024

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
